FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y

★ SEP 07 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
COURTNEY MCKENZIE,

                         Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, ALEXANDER
GRANDSTAFF, JOHN DOE,

                        Defendants.
------------------------------------------------------------ X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 3923 (BMC)

**COGAN**, District Judge.

      Plaintiff brings this false arrest and malicious prosecution action under 42 U.S.C. § 1983. The complaint alleges that the police arrested plaintiff because plaintiff's niece reported that plaintiff had sexually assaulted her. Charges were filed against him, but ultimately they were dismissed. Plaintiff further alleges that the City of New York and the New York City Police Department are liable because they have a custom and practice of not making reasonable investigations prior to making arrests. Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Although the Court originally scheduled argument on the motion prior to receiving plaintiff's opposition, the argument is canceled as the motion must be granted.

      Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)) (ellipsis in original). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff

must provide the grounds upon which the claims rest through factual allegations sufficient to "'raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1949–50 (citing Twombly, 550 U.S. at 555). The Supreme Court has defined the standard on a motion to dismiss as encompassing a "two-pronged approach" that requires a court first to construe a complaint's factual allegations as true, while not compelling the court to accept the veracity of a legal conclusion couched as a factual allegation. Id. Second, a court must then consider whether the complaint "states a plausible claim for relief," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Twombly, 550 U.S. at 556; Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007)).

Based on this standard, plaintiff's complaint fails to state a claim. As against the individual police officers, the only material facts it alleges are that plaintiff's niece reported that plaintiff sexually assaulted her; the officer arrested him; and the charges were ultimately dismissed. This raises a "sheer possibility" that the arrest was unlawful, but "sheer possibility" is not enough; there are no facts alleged from which one could conclude that plaintiff's claims are plausible. Plaintiff's opposition to the motion questions whether "there were circumstances

that called into doubt the complaining witness's veracity," but the complaint does not make that allegation, let alone does it allege what those circumstances were. Plaintiff must allege facts to suggest that the police should have had doubts about his niece's story in order to make out a plausible claim, not simply offer that conclusion in opposition to a motion to dismiss. Merely asserting that there was an arrest which resulted in an eventual dismissal of the charges is not enough to make out a claim under §1983.

The closest plaintiff comes to stating a plausible claim against the individual officers is when, in connection with his claim against the City and the Police Department, he offers as an example of the alleged policy and practice that the officers here "failed to investigate the complaining witness' credibility, interview any third party witnesses and even refused to give Plaintiff an opportunity to explain himself before causing him to be arrested and criminally prosecuted." The complaint does not allege, however, any facts as to why the police should have done that. The law is well established that "[o]nce officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989). Thus, the police do not have to question the victim's credibility prior to making an arrest unless the circumstances suggest that they should. Unless plaintiff can allege some of those circumstances, he does not have a plausible claim.

The claim against the City and the Police Department similarly fails. Plaintiff does not offer a single fact to support the conclusion that the City has a policy of not adequately investigating crimes, and instead relies on the conclusory allegation that the police did not

adequately investigate this crime. This is precisely the kind of "threadbare recital[]" rejected in Iqbal.

The complaint is therefore dismissed. Plaintiff may file an amended complaint within 10 days.

**SO ORDERED.**

/s/(BMC)
───────────────
U.S.D.J.

Dated: Brooklyn, New York
       October 7, 2011